UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDY and SUSAN NAVA,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.; NATIONAL DEFAULT SERVICING CORPORATION,<br><br>　　　　　Defendants. | Case No. 3:16-cv-0082-LRH-VPC<br><br>ORDER |

　　　　On December 31, 2015, plaintiffs Andy and Susan Nava ("the Navas") filed a complaint for wrongful foreclosure against defendants. *See* ECF No. 1, Exhibit 1.[1] On February 19, 2016, defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed the action to this court (ECF No. 1). Subsequent to removal, Wells Fargo filed a motion to dismiss (ECF No. 7), a motion to stay (ECF No. 9) seeking a stay of discovery until a ruling upon the motion to dismiss, and a response to plaintiffs' motion for preliminary injunction; all of these documents were filed on February 26, 2016. To date, there has been no response from plaintiffs to the two motions, nor a reply to the response regarding preliminary injunction.

　　　　The court notes that for all the above filings, counsel for plaintiffs, Karlon Kidder, was served by notice of electronic filing (NEF) from the court's system. Mr. Kidder was

---

[1] Refers to the court's docket entry number.

also served, via NEF, with a statement of removal filed by Wells Fargo on March 11, 2016.

On March 28, 2016, Wells Fargo filed a joint status report. This report was signed by another attorney in Mr. Kidder's office, Ryan J. Cann. Starting on March 28, 2016, Wells Fargo not only served the documents it filed on Mr. Kidder via NEF, but also sent copies to Mr. Cann via U.S. Mail addressed to the Kidder Law Group, Ltd., offices at 620 N. Rock Blvd, Sparks, Nevada.

Twice the court noticed Mr. Cann that he needed to register with the court's Case Management and Electronic Case Filing program (*see* ECF Nos. 13 and 15) and Mr. Cann is now registered in that program.

On June 13, 2016, Mr. Kidder was suspended from practice in this court. Mr. Cann, therefore, is currently counsel of record for plaintiffs.

Given the change of counsel within the firm, the service of different documents to different counsel, and in the interest of justice vis-à-vis the plaintiffs, plaintiffs' counsel shall be given time in which to show this court why this matter should not be dismissed for lack of response to substantive documents.

IT IS THEREFORE ORDERED that plaintiffs shall have twenty (20) days from the entry of this order to show cause why the present action should not be dismissed in its entirety for failure to respond to substantive filings.

IT IS FURTHER ORDERED that a substantive response to the motion to dismiss by defendant Wells Fargo (ECF No. 7) shall also be filed on or before the twenty (20) day deadline from the entry of this order.

IT IS SO ORDERED.

DATED this 29th day of June, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE